IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARY L. CONLEY                                                                              PETITIONER
ADC #163989

v.                                            4:24-cv-00044-LPR-JJV

JAMES GIBSON,
Arkansas Department of Correction                                                RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.   INTRODUCTION**

Petitioner Gary L. Conley, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. No. 1.) Mr. Conley challenges a 2019 conviction for aggravated assault in the Circuit Court of Pulaski County, Arkansas. (*Id*. at 1.) He alleges, among other things, that his sentences were illegally stacked, as he received a 180-month sentence for the aggravated assault as well as a 180-month sentence enhancement, to be served consecutively, for employing a firearm in the

commission of the offense. (*Id*.) He also asserts he did not receive a fair and speedy trial, he was subjected to an illegal search, he did not receive effective assistance of counsel, and his First and Second Amendment rights were violated. (*Id*. at 5-9.) For relief, Mr. Conley asks that he be released from custody. (*Id*. at 13.)

I have conducted a preliminary review of Mr. Conley's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed.

## II.     ANALYSIS

Mr. Conley's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to state court records, Mr. Conley's judgment was entered on October 2, 2019, and the sentencing order was amended on October 16, 2019. *See State of Arkansas v. Gary Lynn Conley*, 60CR-18-2806, https://caseinfonew.arcourts.gov. The Arkansas Court of Appeals affirmed the conviction on February 10, 2021, remanding for correction of the sentencing order to reflect Mr. Conley's status as a habitual offender.[1] *Conley v. State of Arkansas*, 2021 Ark. App. 57; *Gary Lynn Conley v. State of Arkansas*, CR-20-58, https://caseinfonew.arcourts.gov. Mr. Conley's time for filing a petition for rehearing expired on March 1, 2021. *See* Ark. Sup. Ct. R. 2-3(a) (a petition for rehearing shall be filed within eighteen calendar days from the date of decision); Ark. R. App. P.-Crim. 17 (when a filing deadline under the Rules of the Supreme Court and Court of Appeals falls on a Saturday, Sunday, or legal holiday, the deadline shall be extended to the next business day). His time for filing a petition for review expired on March 11, 2021. *See* Ark. Sup. Ct. R. 2-4(a) (a petition for review must be filed within ten calendar days after the end of the rehearing period). Accordingly, the Court of Appeals issued its mandate on March 12, 2021, and the judgment became final on that date. *See* CR-20-58. Barring any statutory or equitable tolling, the limitation period would have ended on March 12, 2022, making Mr. Conley's Petition for Writ of Habeas Corpus, filed January 18, 2024, almost two years too late.[2]

---

[1] While the appeal was pending, the sentencing order was amended twice more, on January 22, 2020, and February 14, 2020, to reflect that a charge had been *nolle prossed*. *See* 60CR-18-2806.

[2] Pursuant to the appellate court's instruction to correct Mr. Conley's habitual-offender status, the sentencing order was amended for the final time on June 9, 2021. *See* 60CR-18-2806. Assuming Mr. Conley could have appealed from this order, his time for doing so would have expired on July

Mr. Conley filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 on April 22, 2021.  *See* 60CR-18-2806.  The trial court denied it on June 15, 2021. *Id*.  In accordance with 28 U.S.C. § 2244(d)(2), this almost two-month period is not counted toward the period of limitation.  However, even excluding the time when the Rule 37 matter was pending, Mr. Conley's Petition was still filed outside the one-year period of limitation.

Additionally, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Mr. Conley has not made either showing.  He says he can challenge his conviction at any time and makes vague allegations about the Board of Corrections holding his mail and "[t]he courts" failing to notify him of the status of unspecified applications. (Doc. No. 1 at 12-13.)  But the United States Court of Appeals for the Eighth Circuit has held that equitable tolling is not warranted "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources."  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Because it plainly appears that Mr. Conley's Petition for Writ of Habeas Corpus is time-barred and he is not entitled to relief, dismissal is appropriate.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A

---

9, 2021.  *See* Ark. R. App. P.-Crim. 2(a) (notice of appeal must be filed within thirty days from date of entry of judgment).  In that case, the Petition would still be untimely.

4

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 13th day of March 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE